**In re GUILD MUSIC CORPORATION,**
**Debtor.**

**Bankruptcy No. 88–00775.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 25, 1994.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, for debtor.

Charles A. Lovell, Partridge, Snow & Hahn, Providence, RI, for Gruhn, Chambliss & Bahner.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, RI, for Chapter 11 trustee.

Office of U.S. Trustee, Sheryl Serreze, Providence, RI.

### ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

■ Heard on January 6, 1994, on the Motion of Gruhn, Chambliss and Bahner, et al., *for reconsideration of our November 10, 1993 Order allowing Trustee to recover excess payments to creditors, or in the alternative, to alter or amend judgment.* The trustee objects on the ground that the motion is but a veiled attempt to circumvent Local Bankruptcy Rule 10(d), as the movants have

---

failed to file a timely objection to the Trustee's underlying motion to recover payments. We agree, and make the additional finding that no reasonable explanation was offered by the movants for their failure to timely object to the Trustee's motion. The "excusable neglect" argument and the movant's reliance upon *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) is rejected. We do not believe that *Pioneer* stands for the proposition that whenever deadlines are inadvertently overlooked, such omission should be deemed "excusable." If that were the correct reading of the case, the efficient administration of the bankruptcy process would be severely frustrated, as would the finality of most judicial action. This is not to say that in appropriate circumstances, as the Supreme Court found in *Pioneer,* that excusable neglect might exist. However, based upon the facts before us [1] we do not find that the movants' failure to file a timely objection rises to the requisite level of excusable neglect, even as enumerated in *Pioneer,* and accordingly the instant motion is DENIED.

In addition, however, for record completeness, we will address the motion on its merits, and upon consideration thereof, also conclude that the motion should be denied. We disagree with the petitioner's argument that it would be an "administrative nightmare" for the Trustee to attempt to recover the improperly paid funds. The Trustee does not anticipate any nightmares, and, given his independent knowledge of the underlying facts and his expertise and experience in the handling of this estate, we accept his business judgment on this point. We also believe that 11 U.S.C. § 502(j) provides ample authority to support the Trustee's request, and that the attempt to collect overpayments is not prejudicial to creditors who received monies to which they were not entitled under the confirmed plan.

Accordingly, for all of these reasons, the Motion for Reconsideration is DENIED, and

this Court's Order of November 10, 1993 remains in effect.

---

1. Here, the attorney for the movants as well as the Debtor's counsel received notice and a copy of the Trustee's motion. Both are experienced bankruptcy practitioners before this Court and are deemed to be familiar with the local rules.